**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**GREGORY J. DUHON, M.D.**

**PLAINTIFF**

       **versus**                            Civil Action No.: 2:20-02022-JTM-KWR

**THE BOARD OF SUPERVISORS OF**        **JUDGE JANE TRICHE MILAZZO**
**LOUISIANA STATE UNIVERSITY AND**
**AGRICULTURAL AND MECHANICAL**        **MAGISTRATE JUDGE ROBY**
**COLLEGE et.al.**

**DEFENDANTS**

_____

**MEORANDUM IN SUPPORT OF MOTION TO DISMISS**
**BY DEFENDANTS, LOUISIANA STATE BOARD OF MEDICAL EXAMINERS**
**AND LAWRENCE H. CRESSWELL, D.O.**

**MAY IT PLEASE THE COURT:**

Defendant, LOUISIANA STATE BOARD OF MEDICAL EXAMINERS (LSBME) and

LAWRENCE H. CRESSWELL, D.O., (Dr. Cresswell) in his official and individual capacities,

submit this memorandum in support of their motion to dismiss the Plaintiff's claims against them

pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rule of Civil Procedure.

**I.**      **INTRODUCTION**

Plaintiff is a medical doctor who has sued various parties for damages and declaratory and

injunctive relief, alleging various acts and/or omissions by those parties in the course of an

investigation into his fitness to practice.

A.      Specific to the LSBME, Plaintiff's Complaint states that the LSBME's involvement

with this matter was triggered when the Plaintiff was reported to the LSBME as a potentially

impaired physician and as non-compliant with recommendations for further evaluation. (ECF 55 ¶40). Plaintiff contends that the LSBME notified him that he was under investigation for possible violations of the Louisiana Medical Practice Act based on his noncompliance with the HPFL and PRC recommendations. (ECF 55 ¶48). The plaintiff contends that the LSBME violated his procedural (ECF 55 ¶¶66-67) and substantive (ECF 55 ¶¶73-74) due process rights under the Fourteenth Amendment. Plaintiff seeks, *inter alia*, injunctive relief and compensatory damages from the LSBME. The LSBME contends that Plaintiff's claims are barred by the Eleventh Amendment. Even if they were not, the LSBME contends that the Court should abstain from adjudicating the claims against it. If the Court should determine it is appropriate to exercise jurisdiction over these claims, it should dismiss the claims against the LSBME for failure to state a claim on which relief can be granted.

B.      Dr. Cresswell is the Director of Investigations for the LSBME. Plaintiff sued him in both his official and individual capacities for due process violations (ECF 55 ¶76, e*t seq*.) and discrimination under Title II of the ADA pursuant to 42 U.S.C. § 1983 and the *Ex parte Young* doctrine (ECF 55 ¶93, e*t seq*.) Plaintiff also made state law claims against Dr. Cresswell for emotional distress (ECF 55 ¶102, e*t seq*.) and defamation (ECF 55 ¶108, e*t seq*.). Dr. Cresswell contends that he is not, in his official capacity, a "person" under 42 U.S.C. § 1983, and further that the Eleventh Amendment bars a damages claim against him in his official capacity. Dr. Cresswell further contends that as to claims against him in his individual capacity, he is entitled to qualified immunity.

## II.   LAW AND ARGUMENT

A.      This Court lacks subject matter jurisdiction because the Eleventh Amendment bars Plaintiff's claims against the LSBME and against Dr. Cresswell in his official capacity.

Dismissal for lack of subject matter jurisdiction is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[1] In ruling on a 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[2]

The Eleventh Amendment and attendant principle of sovereign immunity generally bar suits against the state and its agencies in federal court unless the state consents to the suit.[3] It is irrelevant whether the requested relief is equitable (i.e., declaratory or injunctive) or monetary.[4] It is well established that Louisiana has not waived its immunity from suit in federal court.[5] Additionally, although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of constitutional civil rights under color of state law.[6] Accordingly, Eleventh Amendment sovereign immunity from suit applies to Section 1983 claims against the State.

Sovereign immunity from suit applies equally to state agencies.  The LSBME is a state agency entitled to sovereign immunity.[7]  Likewise, a suit against a state official in his official capacity is also barred by the Eleventh Amendment, since the state is the real substantial party in interest and the effect of the judgment would be to restrain the government from acting or compel it to act.[8] Further, state sovereign immunity forbids a federal court to direct State officers how to

---

[1] *Celestine v. TransWood, Inc.,* 467 Fed. App'x 317, 318 (5th Cir. 2012).

[2] *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009); *see also ODonnell*, 227 F. Supp. 3d at 724.

[3] *Edelman v. Jordan*, 415 U.S.651, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974); *Cozzo v. Tangipahoa Parish Council-President Gov't,* 279 F.3d 273, 280 (5th Cir. 2002).

[4] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

[5] La. Const. Art. XII § 10; La. Rev. Stat. Ann. § 13:5106; see also *Fairley v. Stalder*, 294 F. App'x 805, 811 (5th Cir. 2008).

[6] *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S. Ct. 2666, 49 L.Ed.2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan, supra.*

[7] *See, e.g., Hunter v. Louisiana State Board of Medical Examiners*, 2016 WL 3388380, at *2 (E.D. La. June 20, 2016).

[8] *Pennhurst, supra, quoting Dugan v. Rank*, 372 U.S. 609, 83 S. Ct. 999, 1006, 10 L. Ed. 2d 15 (1963).

comply with State law.[9] Accordingly, Plaintiff's claims against the LSBME and Dr. Cresswell, in his official capacity, are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

      B.     *Younger* abstention is appropriate for the claims against the LSBME

*Younger* abstention motions have been resolved under Rule 12(b)(1) in the Fifth Circuit.[10]

Plaintiff alleges that the LSBME opened an investigation regarding him (ECF 55 ¶50) and also that the LSBME commenced an enforcement action against him.  (ECF 55 ¶51).  Plaintiff alleges that Dr. Cresswell took certain actions arising out of the alleged investigation and/or enforcement action.  Under the *Younger v. Harris*[11] doctrine, the Court should  abstain from exercising jurisdiction over the claims against the LSBME and Dr. Cresswell.

In *Younger*, the Supreme Court held that a federal court may abstain from exercising jurisdiction if it "would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character."[12] *Younger* abstention applies to "state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings, the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim."[13] The Fifth Circuit Court of Appeals has held that courts should consider three factors when determining whether abstention is warranted: (1) whether the state proceedings "constitute an ongoing state

---

[9] *See Pennhurst, supra, Doe I v. Landry*, ___ F.3d ___, No. 17-30292, 2018 WL 4501501, at *8 (5th Cir. Sept. 20, 2018).

[10] *See, e.g., Haygood v. Begue*, No. 13-0335, 2016 U.S. Dist. LEXIS 35638, at *6 (W.D. La. Mar. 17, 2016) ("[D]istrict courts seem to apply Rule 12(b)(1) to motions seeking dismissal pursuant to the *Younger* abstention doctrine."; *Shipula v. Tex. Dep't. of Family Protective Servs.,* No. H-10-3688, 2011 U.S. Dist. LEXIS 52632, at *38 (S.D. Tex. May 17, 2011) ("The Court properly first addresses the Rule 12(b)(1), lack-of-subject-matter jurisdiction challenges, particularly the *Rooker-Feldman* and *Younger* Abstention Doctrines.")

[11] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[12] *Louisiana Debating & Literary Ass. v. The City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995).

[13] *Id.* (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 627, 106 S. Ct. 2718, 272223, 91 L. Ed. 2d 512 (1986)).

judicial proceeding;" (2) whether the proceedings "implicate important state interests;" and (3) whether there is "an adequate opportunity in the state proceedings to raise constitutional challenges."[14] Each of these factors is satisfied in the present case.

Louisiana law mandates the LSBME to "take appropriate administrative action to regulate the practice of medicine in the state of Louisiana."[15] Further, Louisiana law authorizes the LSBME to suspend or revoke any license or impose restrictions for various reasons, including: "[h]abitual or recurring abuse of drugs, including alcohol, which affect the central nervous system and which are capable of inducing physiological or psychological dependence"; "[p]rescribing, dispensing, or administering legally controlled substances or any dependency inducing medication without legitimate medical justification therefor or in other than a legal or legitimate manner"; "[a]n inability to practice medicine with reasonable skill or safety due to mental illness or deficiency, including but not limited to deterioration through the aging process or the loss of motor skills or excessive use or abuse of drugs, including alcohol."; or [m]edical incompetency.[16] Dr. Cresswell, as Director of Investigations for the LSBME, likewise has statutory and regulatory obligations relating to investigation and discipline of medical licensees.

All of the duties and responsibilities of the LSBME and the Director of Investigations arise out of and are in furtherance of the paramount state interest of ensuring that physician licensees are fit to practice in a safe and reasonable manner for the protection of the public. The LSBME and Dr. Cresswell are, and have been at all pertinent times herein, carrying out their statutory and regulatory duties in response to the complaint received by them. The first and second abstention

---

[14] *Id.*, at 1490.
[15] La. Rev. Stat. § 37:1270.
[16] La. Rev. Stat. § 37:1285(A).

considerations are met because the open LSBME investigation[17] regarding the Plaintiff is a state administrative proceeding that undoubtedly implicates important state interests by regulating, licensing, and disciplining physicians.[18]   The third abstention factor is met because there is adequate opportunity for the Plaintiff to raise any legal challenges to a final decision or order of the LSBME through the Louisiana Administrative Procedure Act ("APA").[14] The LSBME is an agency subject to the APA,[15] and under the APA "a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review,"[19] including judicial review of any claims that the agency's actions are "[i]n violation of constitutional or statutory provisions."[17] The APA defines "adjudication" as the "agency process for the formulation of a decision or order." Thus, the disposition of the LSBME's open investigation regarding Plaintiff would constitute adjudication under the APA and entitle Plaintiff to the robust judicial review provided for by the APA which incorporates multiple procedural safeguards in administrative proceedings such as adequate notice, the right to take depositions and conduct discovery, the opportunity to present evidence on all issues of fact and law, the right to conduct cross-examination, and the right to rehearing.[20]

The Plaintiff's claims against the LSBME and Dr. Cresswell arise out of an open administrative proceeding initiated pursuant to the LSBME's statutory obligations and duties in

---

[17] Plaintiff's amended complaint refers only to an open investigation and/or enforcement action and an alleged *potential* loss of licensure, and does not allege that any final disposition has been made or final action taken by the LSBME.
[18] *See, e.g., Afzal v. Mouton*, No. 14-2786, 2015 U.S. Dist. LEXIS 60669, at *10-11 (E.D. La. Mar. 17, 2015)("Given the important state interest in regulating the practice of medicine, as recognized in *Thomas*, and in light of the pendency of the proceedings brought by Plaintiff in state court, Younger abstention is appropriate here."). [14] La. Rev. Stat. §49:950, et seq.  [15] *See* La. Rev. Stat. § 49:951(2).
[19] La. Rev. Stat. § 49:964(A)(1); see also *Afzal v. Mouton*, No. 14-2786, 2015 U.S. Dist. LEXIS 60669, at *9 (E.D. La. Mar. 17, 2015) ("[A] physician who has been disciplined by the LSBME has the right to seek judicial review of that decision which Plaintiff herein has actually done.") [17] La. Rev. Stat. § 49:964(G)(1).
[20] *See* La. Rev. Stat. §§ 49:955; 49:956; 49:959.

furtherance of an important state interest.  The Louisiana APA provides a more than adequate opportunity for Plaintiff to challenge the disposition of that proceeding on constitutional or other legal grounds.  This matter fits squarely within the legal and factual parameters that warrant *Younger* abstention by this Court.

      C.    The Plaintiff's Amended Complaint fails to state a claim on which relief can be granted.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."[21] These factual allegations must raise a right to relief above the speculative level.[22] The Supreme Court has explained "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"[25]  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[26]

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[27] "A

---

[21] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[23] *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)(quoting *Twombly*, 550 U.S. at 570).
[24] *Id.*
[25] *Id.*, at 679 (quoting Fed.R.Civ.P. 8(a)(2)).
[26] *Id*., at 678 (quoting *Twombly*, 550 U.S. at 556).
[27] *Id.*

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[28] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[30] The Supreme Court, quoting *Twombly*, acknowledged that a plaintiff cannot open the door to discovery by pleading only conclusions:

> Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as factual allegation. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.[31]

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[30]

1. Dr. Cresswell in his official capacity is not a "person" under 42 U.S.C. § 1983.

Plaintiff alleges federal law claims against Dr. Cresswell in his official capacity under 42 U.S.C. § 1983. However, these allegations fail to state a claim on which relief can be granted because Dr. Cresswell, in his official capacity, is not a "person" within the meaning of Section 1983. As explained by the Supreme Court, the term "person" in Section 1983 does not include "a State or its officials acting in their official capacities."[32] Under well settled Supreme Court jurisprudence, therefore, the Plaintiff's Section 1983 claims against Dr. Cresswell in his official capacity must be dismissed for failure to state a claim on which relief can be granted.

---

[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.* at 678-679.
[30] *Id.*
[32] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

2.  The Amended Complaint fails to state a claim on which relief can be granted against the LSBME.

The allegations in the Amended Complaint against the LSBME are a textbook case of bare conclusory allegations without more.  The Amended Complaint does not set forth any facts to show what process or notice was owed to Plaintiff under the Fourteenth Amendment that he did not receive.  Nor does the Amended Complaint state any facts to show that the LSBME has "deprived" Plaintiff of anything.  Rather, the Plaintiff expressly states at paragraph 57 of the Amended Complaint that he *chose to allow his Louisiana license to lapse* in July 2020. Plaintiff's voluntary withdrawal from the process negates any allegation that the LSBME failed to provide constitutional due process, whether procedural or substantive, to Plaintiff.  A fair reading of Plaintiff's Amended Complaint shows that, after receiving a complaint, the LSBME performed its statutory duty to open an investigation, and thereafter interacted with Plaintiff and his attorney to attempt to resolve it.  The Amended Complaint consists of conclusory statements and unsupported characterizations. It is devoid of any facts that would entitle Plaintiff to any relief against the LSBME on based on any alleged due process violation.

3.  Dr.  Cresswell, in his individual capacity, is entitled to qualified immunity.

As to the claims against Dr. Cresswell in his individual capacity, Dr. Cresswell contends that he is entitled to qualified immunity.  Qualified immunity protects government officials sued in their individual capacities from liability for monetary damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.[33]   When a defendant invokes qualified immunity, the burden shifts to the plaintiff to

---

[33] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

demonstrate the inapplicability of the defense.[34]  Qualified immunity is an "immunity from suit rather than a mere defense to liability."[35]

When qualified immunity is raised in a motion to dismiss, the court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the qualified immunity defense.[36]  To defeat qualified immunity, the Plaintiff must plead specific facts by which the court can reasonably infer that the defendant is liable for the harm alleged and overcome the qualified immunity defense "with equal specificity."[37]

The qualified immunity inquiry is a two-pronged analysis.  First, the court determines whether the *facts* alleged in the plaintiff's complaint show that the defendant violated a constitutional right.  Second, the court determines whether the allegedly violated right is "clearly established," such that it would be clear to a reasonable person in defendant's circumstances "that his conduct was unlawful in the situation he confronted."[38] The court is free to consider either factor before the other.  To resolve the second question in favor of the plaintiff, the court must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity.[39] In the absence of controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for purposes of defeating qualified immunity.[40]

Applying the above analytical framework to the present case, it is clear that Dr. Cresswell is entitled to qualified immunity for the claims asserted against him in his individual capacity.

---

[34] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009)
[35] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).
[36] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012), (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)).
[37] *Id.,* at 648.
[38] *Saucier v. Katz*, 533 U.S. 194, 202 (2001).
[39] *May v. Strain*, 55 F.Supp.3d 885, 897 (E.D. La. 2014) (Brown, J.) (citing *Wyatt v. Fletcher,* 718 F.3d 496, 503 (5th Cir. 2013)).
[40] *Id.*

Plaintiff's Amended Complaint does not state facts that show that Dr. Cresswell violated any of Plaintiff's rights. The only operative *facts* alleged show that Dr. Cresswell undertook his statutory and regulatory responsibilities after receipt of a complaint from the HPFL. Plaintiff did not cite any controlling authority to show that specifically prohibits him from doing so, or that confers a constitutional or statutory right to Plaintiff not to be subject to Louisiana medical licensing and enforcement laws and rules. A plain reading of Plaintiff's Amended Complaint shows that he has not pleaded facts sufficient to overcome the qualified immunity defense asserted by Dr. Cresswell in his individual capacity, and therefore the individual capacity claims against Dr. Cresswell should be dismissed.

4. The Amended Complaint fails to state a claim on which relief can be granted against Dr. Cresswell for alleged violation of Title II of the Americans with Disabilities Act.

Plaintiff purports to assert a claim via 42 U.S.C. §1983 against Dr. Cresswell for a violation of Title II of the Americans with Disabilities Act. As noted previously, Dr. Cresswell, in his official capacity, is not a "person" for purposes of Section 1983 liability. And Dr. Cresswell, in his individual capacity, is not a "public entity" covered by Title II. Most importantly, however, the Amended Complaint simply fails to allege any facts whatsoever to support the assertion that the LSBME or Dr. Cresswell, in his official capacity, discriminated against Plaintiff in any way, much less on the basis of any perceived disability. The Amended Complaint does not state a single act or omission that the LSBME and/or Dr. Cresswell took that would constitute discrimination of any kind. Nor has the Plaintiff stated any fact to show that Plaintiff was denied any services or benefit of the LSBME. Thus, there simply is no basis whatsoever on which a trier of fact could find in favor of the Plaintiff or validly award him any remedy against the LSBME or Dr. Cresswell in his official capacity.

5.   The Amended Complaint does not state facts sufficient to state a claim on which
relief can be granted as to Plaintiff's state law claims against Dr. Cresswell.

The Amended Complaint purports to assert a state law claim against Dr. Cresswell for intentional infliction of emotional distress. (ECF 55 ¶102, *et seq.*)  However, there are no particularized allegations against Dr. Cresswell and no specific facts that demonstrate that Dr. Cresswell took any actions other than those mandated by law and rule upon receipt of a complaint.

Plaintiff also purports to assert a state law defamation claim against Dr. Cresswell.  As with the IIED claim, the Amended Complaint does not state any particularized allegations against Dr. Cresswell and further fails to identify with specificity what defamatory statements were allegedly made by Dr. Cresswell and/or to whom.

No trier of fact could validly award damages against Dr. Cresswell for intentional infliction of emotional distress or defamation based on the allegations in the Amended Complaint.  The court should dismiss the state law claims against Dr. Cresswell.

### III.   <u>CONCLUSION</u>

The Court lacks subject matter jurisdiction over Plaintiff's Fourteenth Amendment claims against the LSBME and/or Dr. Cresswell in his official capacity.  Dr. Cresswell is entitled to qualified immunity for the claims against him in his individual capacity.  As to the Title II claims and the state law claims against Dr. Cresswell, the Plaintiff's Amended Complaint wholly and indisputably fails to state a claim on which relief can be granted.

For the foregoing reasons, the Plaintiff's Amended Complaint against the LSBME and Dr. Lawrence Cresswell should be dismissed. Because Plaintiff has already amended his original complaint, and was unable to cure the defects originally identified in the LSBME's first motion to

dismiss, it is fair to say that Plaintiff has had the opportunity to make his best case and that, therefore, Plaintiff's claims should be dismissed, with prejudice, at his cost.

RESPECTFULLY SUBMITTED:

BY:  */s/ Patricia H. Wilton*
Patricia H. Wilton (LSBA No. 18049)
Executive Counsel
Louisiana State Board of Medical Examiners
630 Camp Street
New Orleans, LA 70130
Tel: (504) 568-1082
pwilton@lsbme.la.gov

and

JEFF LANDRY
ATTORNEY GENERAL

*/s/E. Bridget Wheeler*
Erin Bridget Wheeler (#37546)
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
Litigation Division
1450 Poydras Street, Suite 900
New Orleans, Louisiana  70112
Phone: (504) 599-1200
Fax:     (504) 599-1212
Email:  WheelerEB@ag.louisiana.gov

*Counsel for Defendants, Louisiana State Board of Medical Examiners and Lawrence H. Cresswell, D.O.*