UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY DUHON, M.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2022** |
| **THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY & AGRICULTURAL & MECHANICAL COLLEGE, ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants Louisiana State Board of Medical Examiners ("LSBME") and Lawrence Cresswell, D.O.'s ("Dr. Cresswell") Motion to Dismiss (Doc. 72). The Court heard oral argument on this Motion on February 18, 2021 and took the matter under advisement. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Gregory Duhon, M.D. ("Duhon"), brings this action against multiple defendants for damages and injunctive relief arising from his suspension and termination from the cardiology fellowship program at Louisiana State University ("LSU") and the subsequent loss of his Louisiana medical license. Below are the facts relevant only to the instant Motion.

Plaintiff was enrolled in the 2018–2019 cardiology fellowship program at Louisiana State University. On May 23, 2019, Plaintiff was advised by its Program Director, Neeraj Jain, M.D., that he was being suspended effective immediately on suspicion of being mentally impaired and that he must obtain a fit-for-duty clearance from LSU's Campus Assistance Program ("CAP"). After conducting an occupationally mandated psychological evaluation ("OMPE"), CAP directed Plaintiff to register with the Health Care Professionals Foundation of Louisiana ("HPFLA"), a "private not-for-profit corporation that offers assistance to health care professionals who may be suffering from mental health issues" by referring the professionals for evaluations and monitoring their treatment plans where appropriate.[1] Plaintiff registered with HPFLA as instructed, and HPFLA, in turn, directed Plaintiff to submit to a three-day comprehensive psychological exam at one of three HPFLA-approved facilities.

Plaintiff chose to undergo the required evaluation at Professional Renewal Center ("PRC") in Lawrence, Kansas, which ultimately concluded that Plaintiff required 60–90 days of inpatient treatment. To counter PRC's findings, Plaintiff obtained evaluations from two independent psychiatrists who found that the PRC report was flawed and that Plaintiff was indeed fit for duty. When Plaintiff refused to comply with PRC's recommendation, HPFLA reported Plaintiff to the LSBME as noncompliant and otherwise impaired in his ability to practice medicine.

On October 4, 2019, Plaintiff received a notice from the LSBME informing him that his license was under investigation and directing him to cooperate with HPFLA and PRC's recommendations. According to Plaintiff, the LSBME threatened on multiple occasions to suspend his license on an

---

[1] Doc. 70-1 at 3.

emergency basis if he failed to enroll in a costly inpatient treatment program. Plaintiff, through his attorneys, petitioned HPFLA and the LSBME to allow him to forego the additional inpatient treatment but to no avail. Plaintiff ultimately allowed his license to lapse in July of 2020.

In this action, Plaintiff brings claims against a long list of defendants—including LSU, the LSBME, and the organizations and providers to which and to whom he was referred—for violations of procedural and substantive due process, § 504 of the Rehabilitation Act,[2] and Title II of the Americans with Disabilities Act.[3] Plaintiff also brings state tort claims for intentional infliction of emotional distress and defamation under Louisiana Civil Code article 2315. Plaintiff contends that, at each step of the way, he was discriminated against "on the basis of a perceived disability and denied any notice or hearing on the actions taken against him and their supposed justification."[4] Specifically, Plaintiff alleges that the named defendants perceived him as having substance abuse disorder.[5] Plaintiff contends that the alleged discrimination cost him his fellowship position, his chance to transfer or become board-certified in cardiology, his reputation, the good standing of his Louisiana physicians license, and more than $50,000 in unnecessary treatment.

Now before the Court is a Motion to Dismiss filed by the LSBME and its Director of Investigations, Dr. Cresswell (collectively, "Defendants"), wherein they ask the Court to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes.

---

[2] 29 U.S.C. § 794.
[3] 42 U.S.C. § 12131, *et seq.*
[4] Doc. 89 at 2.
[5] Plaintiff alleges that he received treatment for substance abuse disorder in 2011 and has since been in remission.

3

## LEGAL STANDARD

### I. Rule 12(b)(1) Motion to Dismiss

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[6] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[7] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[8]

### II. Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[9] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[11] The court need not, however, accept as true Plaintiff's legal conclusions couched as factual allegations.[12] To be legally sufficient, a complaint must establish more than a

---

[6] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[7] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[8] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[9] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[10] *Id.*
[11] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[12] *Iqbal*, 556 U.S. at 678.

4

"sheer possibility" that the plaintiff's claims are true.[13] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[14] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[15]

## LAW AND ANALYSIS

Defendants LSBME and Dr. Cresswell ask that this Court dismiss Plaintiff's claims against them. As to the LSBME, Plaintiff brings claims against it for substantive and procedural due process violations under the Fourteenth Amendment. As to Dr. Cresswell, Plaintiff brings claims against him for: (1) violations of procedural and substantive due process under § 1983 in his individual and official capacities; (2) discrimination under Title II of the Americans with Disabilities Act in his individual and official capacities; (3) intentional infliction of emotional distress; and (4) defamation. The Court will address the sufficiency of each of these claims in turn.

### I.   Claims Brought Directly Under the Fourteenth Amendment

Counts One and Two of Plaintiff's Amended Complaint assert claims against LSU and the LSBME directly under the Due Process Clause of the Fourteenth Amendment, alleging violations of procedural and substantive due process. At oral argument, however, counsel for Plaintiff asked that these claims be voluntarily dismissed. Accordingly, these claims against the LSBME are hereby dismissed with prejudice.

---

[13] *Id.*
[14] *Lormand*, 565 F.3d at 255–57.
[15] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## II. Claims Against Dr. Cresswell Individually

Having thoroughly reviewed the allegations in Plaintiff's Amended Complaint, the Court does not find that Plaintiff has stated a claim against Dr. Cresswell in his individual capacity under § 1983 or against him personally for defamation or intentional infliction of emotional distress. Plaintiff's sole factual allegation pertaining to Dr. Cresswell states:

> Cresswell falsely stated that he could not conclude Plaintiff was fit-for-duty, attempted to conceal Plaintiff's coerced activities as "voluntary," knowingly disregarded Plaintiff's legitimate fit-for-duty reports, knowingly accepted and endorsed the false and fraudulent PRC report, and in other respects did not comply with applicable legal or professional standards.[16]

Plaintiff's Amended Complaint, however, is devoid of any facts that would support these conclusory statements. Indeed, Plaintiff does not allege that he had any interaction with Dr. Cresswell or that Dr. Cresswell was the individual taking actions on behalf of the LSBME. Thus, as Plaintiff has failed to allege any facts that could possibly support a claim against Dr. Cresswell, all of Plaintiff's individual capacity claims against him are hereby dismissed.

## III. Official Capacity Claims against Cresswell

Plaintiff's only remaining claims against Defendants are those brought against Dr. Cresswell in his official capacity for violations of his substantive and procedural due process rights and Title II of the ADA pursuant to § 1983. In their Motion to Dismiss, Defendants argue that these claims should be dismissed because: (1) Plaintiff's official capacity claims against Dr. Cresswell are barred by sovereign immunity; (2) *Younger* abstention precludes further litigation of Plaintiff's claims; and, alternatively, (3) Plaintiff has failed to state a claim against Dr. Cresswell under Federal Rule of Civil Procedure 12(b)(6).

---

[16] Doc. 55 at 22.

### A.     Official Capacity Claims and Sovereign Immunity

Defendants first argue that Plaintiff's official capacity claims are barred by the Eleventh Amendment's grant of sovereign immunity. "The Eleventh Amendment generally precludes actions against state officers in their official capacities."[17] The *Ex parte Young* doctrine, however, allows a plaintiff to sue a state officer in his official capacity for prospective injunctive or declaratory relief.[18] At oral argument, counsel for Plaintiff clarified that, as to the asserted official capacity claims, Plaintiff seeks only the prospective injunctive relief permissible under the *Ex parte Young* exception. Accordingly, as Plaintiff does not seek monetary damages in connection with his official capacity claims, the Court finds that Plaintiff's pleaded claims against Dr. Cresswell are permissible under *Ex parte Young*.

### B.     Younger Abstention

In *Younger v. Harris*, the Supreme Court articulated a doctrine of abstention when the exercise of federal jurisdiction would interfere with ongoing state criminal proceedings.[19] The Supreme Court has since expanded *Younger* to include "civil enforcement proceedings" and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function."[20] *Younger* abstention applies only if: (1) the exercise of federal jurisdiction will interfere with an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise

---

[17] Cantu Servs., Inc. v. Roberie, 535 Fed. Appx. 342, 344 (5th Cir. 2013) (internal quotations omitted).
[18] *See* Fontenot v. McCraw, 777 F.3d 741, 752 (5th Cir. 2015).
[19] 401 U.S. 37 (1971).
[20] *Id.* at 73.

constitutional challenges.[21] Defendants argue that the LSBME's investigation into Plaintiff satisfies all three *Younger* criteria and that abstention is thus appropriate.

The Court agrees with Defendants that the LSBME's investigation into Plaintiff constituted a state proceeding subject to *Younger*. Indeed, the Fifth Circuit in *Thomas v. Texas State Bd. of Med. Examiners* noted that, "[a]lthough the proceeding for revocation of a doctor's license is civil, it is coercive and the state, through its Board of Medical Examiners, possesses a great interest in the outcome of the litigation, for it seeks to assure the competency of physicians who practice in its borders."[22] The Court also finds that, had Plaintiff proceeded with the LSBME process, he would have had an opportunity to raise his constitutional challenges through judicial review of the LSBME's final decision.[23] At issue, however, is whether the LSBME's investigation into Plaintiff's fitness is sufficiently "ongoing" so as to warrant abstention.[24] The Court finds that it is not.

Plaintiff alleges that the LSBME began investigating him on October 4, 2019 and instructed him to comply with the recommendations of HPFLA and PRC to avoid immediate suspension. Instead of complying with LSBME's instruction, Plaintiff allowed his licenses to lapse in July of 2020. Although Plaintiff does not allege that the LSBME reached a final decision, this Court has no allegations or evidence upon which to conclude that the investigation

---

[21] Perez v. Texas Med. Bd., 556 F. App'x 341, 342 (5th Cir. 2014).

[22] Thomas v. Texas State Bd. of Med. Examiners, 807 F.2d 453, 455 (5th Cir. 1987).

[23] Afzal v. Mouton, No. CIV.A. 14-2786, 2015 WL 2169529, at *4 (E.D. La. May 8, 2015) ("[P]ursuant to LSA–R.S. 49:964, a physician who has been disciplined by the LSBME has the right to seek judicial review of that decision[.]").

[24] *See* Ford v. Louisiana State Bd. of Med. Examiners, No. CV 18-4149, 2018 WL 5016220, at *5 (E.D. La. Oct. 16, 2018) ("Initially, the investigations conducted by the Board constituted state administrative proceedings or "civil enforcement proceedings;" however, currently Dr. Ford does not have any pending proceedings conducted by the Board.).

remains pending. Indeed, Plaintiff alleges that he allowed his license to lapse intentionally to avoid compliance with the LSBME investigation.

Without evidence of an ongoing proceeding, this Court does not find that continued litigation of Plaintiff's claims in this matter implicates the equity, comity, and federalism concerns of *Younger*.[25] There will be no duplicative proceedings, and Plaintiff no longer has an alternate forum wherein to raise his constitutional concerns. At oral argument, counsel for Defendants argued that Plaintiff's ability to bring suit in federal court after allowing his license to lapse and "opting out" of the state administrative process raises "floodgate" concerns and runs counter to *Younger*. The Fifth Circuit, however, addressed this issue in *Thomas*, explaining:

> Thomas did invoke state judicial relief, but he dismissed that suit before filing this federal action. A litigant who initiates state court review of a state administrative decision and then changes his mind and voluntarily dismisses the suit is not irrevocably bound either to continue his action in state court or to forfeit his right to vindicate his constitutional rights in a federal court. When no state proceedings are pending, a federal action does not interfere with or insult state processes and "the policies on which the *Younger* doctrine is premised 'have little force. . . .'"[26]

Although the state proceeding at issue in *Thomas* was a state court's judicial review of a final administrative decision, this Court finds the reasoning of *Thomas* applicable here. Where the state administrative suit is no longer

---

[25] *See generally*, *Sprint*, 571 U.S. at 77. The *Younger* court reasoned that "[a]bstention was in order . . . under the 'basic doctrine of equity jurisprudence that courts of equity should not act . . . to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparabl[e] injury if denied equitable relief.'" *Id*. (quoting *Younger*, 401 U.S. at 43–44). The Court further explained that abstention would "prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Younger*, 401 U.S. at 44.

[26] *Thomas*, 807 F.2d at 454.

pending, *Younger* abstention is no longer appropriate. The Court thus declines Defendants' request to abstain.

### C. Defendants' Motion to Dismiss for Failure to State a Claim

#### 1. *Due Process Claims*

Plaintiff alleges that he was deprived of his constitutional right to procedural and substantive due process under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment declares that no state shall "deprive any person of life, liberty, or property, without due process of law."[27]

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."[28] "To prevail on a [procedural] due process claim, plaintiffs must [therefore] show that: (1) they possess a property interest that is protected by the due process clause, and (2) [the defendant's] procedures are constitutionally inadequate."[29]

Substantive due process, on the other hand "ensures that, regardless of the fairness of the procedures used, the government does not use its power for oppressive purposes."[30] Thus, "substantive due process requires only that public officials exercise professional judgment, in a nonarbitrary and noncapricious manner, when depriving an individual of a protected property interest."[31]

---

[27] U.S. Const. amend. XIV.
[28] Zinermon v. Burch, 494 U.S. 113, 125 (1990) (emphasis in original).
[29] Ridgely v. Fed. Emergency Mgmt. Agency, 512 F.3d 727, 734 (5th Cir. 2008).
[30] Patterson v. Def. POW/MIA Acct. Agency, 343 F. Supp. 3d 637, 646 (W.D. Tex. 2018) (citing Daniels v. Williams, 474 U.S. 327, 331 (1986)).
[31] Lewis v. Univ. of Texas Med. Branch at Galveston, 665 F.3d 625, 631 (5th Cir. 2011) (citing Texas v. Walker, 142 F.3d 813, 819 (5th Cir. 1998)).

Plaintiff contends that Defendants deprived of him of his protectable property or liberty interest in: (1) continuing his training in the LSU cardiology fellowship program; (2) not being subjected to unjustified and coerced psychological examinations; (3) his Louisiana physician's license and its good standing; and (4) his professional reputation. In their Motion to Dismiss, Defendants now argue that Plaintiff's due process claims must fail because he has not sufficiently alleged that the LSBME's actions deprived him of any of these alleged interests.

In the section of Plaintiff's Amended Complaint wherein he asserts his due process claims, Plaintiff states that the LSBME deprived him of his right to be free from unjustified and coerced psychological examinations by:

> coercing him to submit to the OMPEs by Whitfield, and later PRC, . . . . [without] giv[ing] any reasonable notice of why the OMPEs were necessary; nor any opportunity to review or contest the supposed basis for such demands by LSU and LSBME; nor present his own fit-for-duty reports and other evidence.[32]

As to Plaintiff's alleged interest in his license and his professional reputation, Plaintiff alleges that the LSBME deprived him of these interests by failing "to give any reasonable notice of why the false accusations against him persisted, nor any reasonable hearing by which he could clear himself through his rebuttal fit-for-duty reports and other evidence."[33]

The Court finds these allegations insufficient to support Plaintiff's procedural due process claims. First, the statements quoted above are wholly inconsistent with Plaintiff's Statement of Facts wherein he alleges that he had no contact with the LSBME until after his time at PRC. The LSBME, therefore, could not have coerced him into evaluations with Whitfield or PRC.

---

[32] Doc. 55 at 20.
[33] *Id.* at 21.

11

Additionally, the allegations that LSBME failed to give Plaintiff reasonable notice and hearing are too vague and conclusory to support his claim. This is particularly true as Plaintiff allowed his license to lapse before the LSBME deprived of him of his license. Although due process requires "an opportunity for a hearing *before* . . . [the deprivation] of any significant property interest,"[34] Plaintiff's allegations do not clearly state what pre-deprivation process he was owed. Further, it is unclear from Plaintiff's allegations as to whether he would have been afforded sufficient process had he not allowed his license to lapse. For these reasons, Plaintiff's procedural due process claims are dismissed.

The Court also finds that Plaintiff has failed to sufficiently allege claims for violations of his substantive due process rights. Plaintiff has not alleged any facts that would allow this Court to conclude that the LSBME's actions were arbitrary and capricious. Plaintiffs substantive due process claims are accordingly dismissed.

### 2. *Title II of the ADA*

Plaintiff brings suit against Dr. Cresswell in his official capacity under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[35] To state a claim under Title II, a plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by

---

[34] Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks omitted).
[35] 42 U.S.C. § 12132.

12

the public entity; and (3) that such discrimination is by reason of his disability."[36]

As discussed in this Court's previous Orders and Reasons in this matter, Plaintiff alleges that the various defendants in this matter regarded him as having substance abuse disorder and discriminated against him on that basis. Plaintiff, however, has not alleged any facts evincing that the LSBME took any discriminatory actions against him. Rather, the only relevant allegation is found in Plaintiff's Opposition, where he argues that the LSBME discriminated against him when it "initat[ed] an enforcement action against [him] based on the unjustified accusations of the other defendants that he had a substance abuse problem and/or mental health problem, despite 2 contradictory fitness for duty evaluations conducted by reputable psychiatrists."[37] Contrary to this assertion, however, Plaintiff alleges in his Complaint that the LSBME relied, in part, upon PRC's report in initiating the investigation against him and that PRC report concluded that Plaintiff did not have a current substance abuse problem.[38] Further, even if this Court were to accept Plaintiff's conclusory and unsupported allegations as true, the Court does not find that the LSBME was discriminatory or otherwise unreasonable in opening an investigation after receiving HPFLA's report of Plaintiff's alleged substance abuse problem. For these reasons, Plaintiff's Title II claim is hereby dismissed.

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED.**

---

[36] Hale v. King, 642 F.3d 492, 498 (5th Cir. 2011).
[37] Doc. 89 at 32.
[38] *See* Doc. 55 at 12.

**IT IS ORDERED** that Plaintiff's claims against the LSBME are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Dr. Cresswell in his individual capacity for violations of due process and Title II of the ADA, intentional infliction of emotional distress, and defamation are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Dr. Cresswell in his official capacity for violations of Plaintiff's substantive due process rights and Title II of the ADA are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claim against Dr. Cresswell in his in official capacity for violations of Plaintiff's right to procedural due process is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has 15 days from the date of this Order to amend his Complaint to remedy the deficiencies in his procedural due process claim.

New Orleans, Louisiana this 20th day of August, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**